

Nixon Peabody LLP
Tower 46
55 West 46th Street
New York, NY  10036-4120
**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

**Christopher M. Mason**
Partner

T / 212.940.3017
F / 866.947.2229
cmason@nixonpeabody.com

# MEMO ENDORSED

September 1, 2023

BY ECF

Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007

> The request for a stay of all discovery and disclosure deadlines as set forth below, pending resolution of the Defendant's anticipated motion to dismiss, is granted.  SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: ____September 1, 2023
> New York, New York

*Abode Affordable Housing, LLC v. McCall*, No. 23-cv-6887 (ER)

Dear Judge Ramos:

We are co-counsel for Defendant Albert B. McCall.  We write pursuant to Federal Rule of Civil Procedure 26(c) and Section 1.E of Your Honor's Individual Practices to request a stay of discovery and disclosure deadlines pending resolution of Defendant's anticipated motion to dismiss.  Our co-counsel has conferred with counsel for Plaintiff.  Plaintiff consents to this request.

Defendant removed this case from state court to this Court on August 4, 2023.  *See* Notice of Removal [PACER Dkt. 1].  On August 8, 2023, the Court scheduled an initial Federal Rule of Civil Procedure 16 conference for September 13, 2023.  *See* Notice of Initial Court Conference [PACER Dkt. 4].  The Court also directed the parties to confer as required by Federal Rule of Civil Procedure 26(f) and to submit a proposed Civil Case Discovery Plan and Scheduling Order prior to the conference.  *Id.*

On August 11, 2023, we sent a letter to the Court requesting a pre-motion conference in anticipation of filing a motion to dismiss on behalf of Defendant.  Letter from Christopher M. Mason to the Honorable Edgardo Ramos [PACER Dkt. 6].  The Court granted the request for a pre-motion conference, directed Plaintiff to respond by September 11, 2023, and indicated that the conference would take place as part of the conference previously scheduled for September 13.  Order of August 14, 2023 [PACER Dkt. 7].

Per the Court's instructions, the parties' counsel then conferred regarding scheduling.  On August 23, 2023, while not agreeing that Defendant would necessarily win his proposed motion to dismiss, counsel for Plaintiff agreed that it would be beneficial to the parties and the Court to postpone discovery and the setting of deadlines related to discovery until after the Court has determined whether Defendant may file such a motion to dismiss and, if so, until after the Court has decided that motion.

As noted in our previous letter to the Court, our client's proposed motion to dismiss would ask the Court to dismiss the entire case because Plaintiff, a foreign limited liability company that is

The Honorable Edgardo Ramos
September 1, 2023
Page 2

not registered to do business in New York, lacks capacity to pursue this action under section 808(a) of the New York Limited Liability Company Law.  In the alternative, the motion would ask the Court to dismiss two of Plaintiff's three claims—the claims for breach of the implied covenant of good faith and fair dealing and for fraud—and Plaintiff's demand for punitive damages.

Because Defendant's motion, if permitted to proceed, could lead to dismissal of the entire case and eliminate the need for discovery altogether, a brief stay of discovery could conserve the resources of the parties and the Court.  Even if the Court were to dismiss only a subset of Plaintiff's claims, that could also substantially narrow the scope of discovery.

The court in *Spencer Trask Software & Info. Servs., LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002), noted that "[g]ood cause" for a temporary stay of discovery "may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay."  *See also, e.g.*, *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-cv-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021).  Given that Defendant's proposed motion, at a minimum, "is potentially dispositive, and appears to be not unfounded in the law", *Negrete v. Citibank, N.A.*, No. 15-cv-7250, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) (citations omitted), and given that Plaintiff does not object to the requested stay, thus indicating that Plaintiff will not be prejudiced by it for the time needed for motion practice and a decision, there is good cause to grant a temporary stay of discovery here.

Neither party has served any discovery requests at this point.  Under Rule 26(a)(1)(C), the parties would need to exchange initial disclosures within 14 days of their August 23 Rule 26(f) conference unless a different time is set by stipulation or court order.  The parties ask that this letter serve as a stipulation to defer that time, and that the time for initial disclosures, and for submission of any proposed Civil Case Discovery Plan and Scheduling Order, follow in due course by a date to be ordered by the Court if still needed after relevant decisions on the proposed motion to dismiss.

Respectfully submitted,

Christopher M. Mason

cc:   Yair M. Bruck
      yb@bruckllp.com
      Neil P. Diskin, Esq.
      ndiskin@nixonpeabody.com
      Nathan C. Sanders, Esq.
      nsanders@nealharwell.com