

**VIA ECF**
The Honorable Edgar Ramos
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007-1312

> **MEMO ENDORSED**
>
> The Court will hold a telephonic pre-motion conference on August 5, 2025, at 11:30 a.m. The parties are instructed to call (855) 244-8681; enter access code 2301 087 7354#; and enter # again when asked to enter the attendee ID number.
>
> SO ORDERED.
>
> _/s/ Edgardo Ramos_
> Edgardo Ramos, U.S.D.J.
> Dated: July 31, 2025
> New York, New York

Re: *Abode Affordable Housing, LLC v. McCall*, 1:23-cv-06887-ER, pre-motion letter

Dear Judge Ramos,

We represent the Plaintiff, Abode Affordable Housing, LLC, in the above-referenced matter and we submit this letter pursuant to Rule 2.A. of your Honor's Individual Rules, to request a pre-motion conference to file a motion for partial summary judgment with respect to Defendant's liability, and to request a stay of discovery while this motion is briefed and decided. As set forth below, on the facts as already known, pre-discovery, there is simply no question that Defendant breached his contractual obligations to Plaintiff and that Plaintiff was damaged as a result.

1. *Defendant McCall Clearly Breached His Contractual Obligations and Summary Judgment on Liability is Warranted*

As set forth in the Second Amended Complaint, on March 2015, Albert Burr McCall, now deceased ("McCall"), entered into an agreement (the "Assignment Agreement") to transfer and sell all of McCall's limited partnership interest (the "LP Interest") in Macombs Village Associates L.P., a New York limited partnership (the "Partnership") to Plaintiff. *See* Assignment Agreement, attached as Exhibit A. While Plaintiff's ultimate membership in the Partnership was conditioned on the consent of the general partner of the Partnership (the "General Partner"), the contractual right to all of the benefits of McCall's Partnership interest, which included all of McCall's rights in, and related to, the Partnership, and an expansive power of attorney to effectuate those rights, did not. In fact, irrespective of whether Plaintiff ever sought or received membership in the Partnership, it would have essentially all of the rights of a limited partner, derivatively, via McCall. Not only did McCall have several ongoing obligations to help effectuate this promise, but he contractually granted Plaintiff the *exclusive* right to sell, convey or transfer the LP Interest thereafter, to ensure that McCall could never transfer away that interest on which all of Plaintiff's rights depended. See Assignment Agreement, POA § 1(e). Shockingly, less than two years after the sale, on March 22, 2017, before Plaintiff was admitted to the Partnership by the General Partner, McCall proceeded to enter into an almost identical agreement to sell his LP Interest to another third party (the "Third Party"), knowingly and intentionally violating his explicit agreement not to sell the LP Interest to anyone else, and eviscerating the entire benefit of the bargain set forth in the Assignment Agreement, for Abode. The General Partner has consented to the transfer of the LP Interest to the Third Party, who is now recorded as the owner of the LP Interest in the Partnership's records. Furthermore, the General Partner has informed Plaintiff that the transfer of the LP Interest to Plaintiff cannot be approved because the purchase of the LP Interest by the Third Party was already accepted and approved by the Partnership. Losing all of

The Honorable Edgardo Ramos
July 25, 2025                                                                                                    Page 2

the economic benefits of the LP Interest, Plaintiff has clearly been damaged in an amount to be determined through discovery to be conducted, post-summary judgment. In sum, McCall's breach of the Assignment Agreement is beyond material dispute; Plaintiff wishes to move for summary judgment with respect to the liability portion of this case.

To prevail on a summary judgment motion concerning a breach of contract, a plaintiff must establish that "any reasonable jury would ... find all the necessary elements of a breach of contract claim ... (1) the existence of a contract; (2) due performance of the contract by the plaintiff; (3) breach of contract by the defendant; and, (4) damages resulting from the breach." *Menlo v. Friends of Tzeirei Chabad in Israel, Inc.*, No. 11 CIV. 1978 JPO, 2013 WL 1387057, at *2 (S.D.N.Y. Apr. 5, 2013) (internal citation omitted).

Plaintiff is entitled to summary judgment where, as here, "the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." *Coyle v. United States*, 954 F.3d 146, 148 (2d Cir. 2020). Defendants admit that Plaintiff and McCall entered into a contract (Answer ¶ 1); there is no allegation or affirmative defense asserting that Defendant failed to perform on the contract; Defendant clearly breached by agreeing to another contract which attempted to sell that which he already sold (Answer ¶ 2, admits entering into agreement, by which McCall sold the same interest again, to another party); further it is clear that by Selling the LP Interest to the Third Party, McCall has damaged Plaintiff who cannot receive any of the benefits of the bargain set forth in the Assignment Agreement.

   2. *Defendants' Affirmative Defenses are Entirely Without Merit, on the Law, and Should be Stricken*

      a. There is no Laches

Defendants assert the affirmative defense of laches/estoppel, claiming that Plaintiff's delay caused them injury. This is incorrect. "To establish laches, a party must show: (1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant." *McCaffery v. McCaffery,* No. CV-11-703 (AMD)(AYS), 2018 WL 1598617, at *5 (E.D.N.Y. Mar. 16, 2018), *report and recommendation adopted*, No. 11CV00703AMDAYS, 2018 WL 1597392 (E.D.N.Y. Apr. 2, 2018) (internal citation omitted). But Plaintiff did not delay in asserting its claim. Soon after it became clear that the General Partner would not admit Plaintiff to the Partnership—because the LP Interest had been sold to a third party, who had been admitted—Plaintiff proceeded with its claim. In any case, there was no prejudice resulting from any such delay between the time when Plaintiff became aware of this issue in 2021 and when it filed it claim in 2023. There were no material developments during this period.

Furthermore, and crucially, when a legal claim is brought within the statute of limitations, laches is not available as a defense. *See Onanuga v. Pfizer, Inc.*, 369 F. Supp. 2d 491, 500 (S.D.N.Y. 2005).

The Honorable Edgardo Ramos
July 25, 2025                                                                                                       Page 3

### b. There is no Statute of Limitations Issue Here

Plaintiff breached the Assignment Agreement when it attempted to resell the very same LP Interest on March 22, 2017, and this breach was discovered in 2021. In any case, this action was filed in New York state court, before being removed, on March 17, 2023, within the six year statute of limitations.

### c. There is no Mitigation Issue Here

Plaintiff purchased and paid for the LP Interest, but was robbed of the benefits of that bargain when that interest was resold to a third party by McCall. While Defendants assert an affirmative defense of mitigation, Plaintiff was under no duty to repurchase the LP Interest, something it had already paid for in order to reduce the damages it suffered, even assuming this were a possibility. *See Carlisle Ventures, Inc. v. Banco Espanol de Credito*, S.A., 176 F.3d 601, 609 (2nd Cir. 1999). Indeed, "the duty to mitigate 'applies to those damages that the plaintiff could have avoided with reasonable effort and without undue risk, burden, or expense.' 'The duty to mitigate damages ... requires only reasonable, practical care and diligence, not extraordinary measures.'" *Pike Co., Inc. v. Tri-Krete Ltd.*, 772 F. Supp. 3d 353, 363 (W.D.N.Y. 2025) (internal citation omitted). Repurchasing an interest it had already purchased of a closely held company is an extraordinary measure that is not, as a matter of law, required. Furthermore, Plaintiff Answer takes issue with Plaintiff's alleged failure to mitigate damages in 2015-2017. However, prior to the breach, which took place with the second sale on March 22, 2017, there could be no mitigation. *See SuperCom, Ltd. v. Sabby Volatility Warrant Master Fund Ltd.*, 700 F.Supp.3d 146 (S.D.N.Y. 2023) ("As an initial matter, the duty to mitigate 'only arises after the purported breach has occurred.'") (internal citation omitted).

### 3. Discovery Should be Stayed While Summary Judgment is Briefed and Decided

Plaintiff also hereby moves by this letter motion, to stay discovery while the motion for partial summary judgment is being briefed and decided. Where, as here, there is good cause to stay discovery during the pendency of a dispositive motion, it is well within the power of the Court to stay discovery. *See Palladino v. JPMorgan Chase & Co.*, 730 F. Supp. 3d 4, 10 (E.D.N.Y. 2024) (affirming stay of discovery where good cause shown). Given the size of this case, it would be in the interest of all parties to stay discovery while we establish Defendants' liability. Defendants assert that they have no liability. Although we strongly disagree, if this is true, it would be far more efficient to establish that now, pre-discovery. If, however, Defendants are wrong, and there is liability for breach of contract, knowing that might help move the parties towards a more rapid resolution of their dispute. Defendants have not consented to this request.

For the reasons set forth above, Plaintiff respectfully requests a pre-motion conference.

Respectfully submitted,
/s/ R. Zachary Gelber
R. Zachary Gelber